LOCKER et al. v. AMERICAN TOBACCO CO. et al.

(District Court, S. D. New York. July 18, 1912.)

MONOPOLIES (§ 28*)—FEDERAL ANTI-TRUST ACT—VIOLATION—TREBLE DAMAGES—RIGHT OF ACTION.

To give a private right of action under Anti-Trust Act July 2, 1890, c. 647, § 7, 26 Stat. 210 (U. S. Comp. St. 1901, p. 3202), for treble damages for injury done to plaintiff's business through a combination by defendants in restraint of trade, the cause of action must be complete when suit is brought; the government alone having power to check future contemplated unlawful acts, and hence, in an action against several defendants, plaintiff is not entitled to bring in as defendants corporations which were organized after the action was brought.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. § 28.*]

Action by John A. Locker and another against the American Tobacco Company and others. On motion for leave to amend summons by inserting the names of the Liggett & Myers Tobacco Company and the P. Lorillard Company as codefendants, and to amend the complaint by inserting various allegations as to acts done by them. Motion overruled.

See, also, 194 Fed. 232.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LACOMBE, Circuit Judge. This is an action against the four named defendants to recover treble damages for injury alleged to have been done to plaintiff's business by reason of said defendants having entered into a combination in restraint of trade and carried on such combination in such a way that plaintiff's business sustained the injury complained of. The action is brought under the seventh section of the federal Anti-Trust Act July 2, 1890. Its gravamen is tortious action, and it is elementary that the cause of action must be complete when suit is brought. Until the wrong is done and the injury suffered, there is no cause of action under this section. Threatened wrong and apprehended loss are not within its provisions. To the federal government alone does the Anti-Trust Act confide the power to check future contemplated unlawful acts by injunction. The relief accorded to the individual is an action at law for treble damages when he can show that the act has been violated, and that such violation has injured him in his business or property. He cannot maintain such an action, if his complaint fails to show that at or prior to the time when the action is begun defendant had done any act in violation of the statute. This analysis of the seventh section sufficiently answers the present application. The action was begun June 10, 1910. The two corporations which plaintiff now asks to include as defendants were not incorporated until November, 1911. Since they were not in existence on and prior to June 10, 1910, it is impossible that they could by that time have done any act in violation of the statute. If subsequent to their creation, they have violated the statute, and by reason of such violation plaintiff has been injured in his business or property, he may have a good cause of action against them for such tortious act, but that is a new and independent tort and a separate cause of action from the one declared on here.

The motion is denied.